UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MICHIGAN ELECTRICAL EMPLOYEES' PENSION FUND, Trustees of;
MICHIGAN ELECTRICAL EMPLOYEES HEALTH PLAN, Trustees of;
NATIONAL ELECTRICAL BENEFIT FUND, Trustees of;
NATIONAL ELECTRICAL ANNUITY FUND, Trustees of;
TRAVERSE CITY ELECTRICAL JOINT APPRENTICESHIP AND TRAINING COMMITTEE TRUST, Trustees of; and
TRAVERSE CITY LABOR-MANAGEMENT COOPERATION FUND, Trustees of,

       Plaintiffs,

v.

HARBOR SPRINGS ELECTRIC L.L.C.,

       Defendant.

_____/

## COMPLAINT

1.    Plaintiffs are the Michigan Electrical Employees' Pension Fund, the Michigan Electrical Employees Health Plan, the National Electrical Benefit Fund, the National Electrical Annuity Fund, the Traverse City Electrical Joint Apprenticeship and Training Committee Trust, and the Traverse City Labor-Management Cooperation Fund (collectively, "Funds"), which were established through collective bargaining, are maintained and administered pursuant to Section 302 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 USC §§186, *et seq.*, and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"),

29 USC §§1001, *et seq.* The Michigan Electrical Employees' Pension Fund and the Michigan Electrical Employees Health Plan maintain their principal offices in the City of Lansing, Michigan. The National Electrical Benefit Fund and the National Electrical Annuity Fund maintain their principal offices in the City of Rockville, Maryland. The Traverse City Joint Apprenticeship and Training Committee Trust and the Traverse City Labor-Management Cooperation Fund maintains their principal offices in Traverse City, Michigan.

2. Defendant Harbor Springs Electric L.L.C. is a Michigan corporation doing business in the building and construction industry, an industry affecting commerce within the meaning of 29 USC §142 and §185 and 29 USC §1002(5) and (12). Its principal place of business is in Harbor Springs, Emmet County, Michigan.

3. Venue of the United States District Court for the Western District of Michigan is appropriate pursuant to Section 502(e)(2) of ERISA, 29 USC §1132(e)(2), the district in which the defendant is located.

4. Defendant has been and is bound by the collective bargaining agreements then in effect, and all collective bargaining agreements subsequently entered into by and between the Michigan Chapter, National Electrical Contractors Association, Inc. and the International Brotherhood of Electrical Workers Local Union No. 498 ("Agreements").

5. Defendant also is and has been bound by the terms of the applicable trust agreements establishing the Funds incorporated by reference in the Agreements.

6. Under the terms of the Agreements, defendant became obligated to make contributions to the Funds with respect to covered work performed by, and wages paid to, employees of defendant and to submit the books and records of defendant to plaintiffs for periodic inspection and audit.

7. Based on an audit of defendant's books and records covering the period of August, 2016 through August, 2017, defendant's indebtedness to the plaintiffs was determined to be $6,484.15. It has made periodic payments towards the audit, with a balance of $584.15 still being owed. It has not made a payment since June, 2018.

8. Defendant has submitted unpaid reports to plaintiffs showing that, as of December 6, 2018, the following amounts are owed.

| | |
|---|---|
| July, 2018 | $10,577.46 |
| August, 2018 | $11,763.20 |
| September, 2018 | $12,415.61 |
| October, 2018 | $14,989.84 |
| Total | $49,746.11 |
| Less payment | $ 2,500.00 |
| Total Owed | $47,246.11 |

8. Despite demand, defendant, in violation of its contractual obligations, has failed to pay its indebtedness.

WHEREFORE, plaintiffs pray that judgment be entered in their favor

and against defendant Harbor Springs Electric, L.L.C. containing the following provisions:

  A. Adjudicating that defendant is bound to pay contributions to the Funds as alleged in this Complaint;

  B. Awarding plaintiffs for the benefit of the Funds the amount of $47,830.26, representing its indebtedness through the work month of October, 2018, *plus* additional interest, costs, attorneys fees and other amounts pursuant to 29 USC §1132(g)(2); and

  C. Granting plaintiffs any and all other relief (including injunctive and equitable relief) to which they might be entitled in equity and good conscience.

      Respectfully submitted,

      SACHS WALDMAN

     By: s/George H. Kruszewski
       GEORGE H. KRUSZEWSKI (P-25857)
       Attorneys for Plaintiffs
       1423 E. 12 Mile Road
       Madison Heights, MI 48170
       248-658-0800
December 13, 2018    Email: Gkruszewski@sachswaldman.com